**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ABDERRAHMANE CHARRAD,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1606-KC** |
| | § | |
| **WARDEN, ERO EL PASO CAMP** | § | |
| **EAST MONTANA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER TRANSFERRING CASE**

On this day, the Court considered Abderrahmane Charrad's Petition for a Writ of Habeas Corpus, ECF No. 1, filed on June 11, 2026.  The Court ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted.  June 12, 2026, Order, ECF No. 4.

Respondents argue that this Court does not have jurisdiction over the Petition because Charrad was transferred to New Mexico on April 30, 2026, and thus was detained in New Mexico at the time he filed it.  Resp. 1, ECF No. 5.  The Court ordered Charrad to file a reply. June 23, 2026, Order, ECF No. 6.  Initially, Charrad agreed that the Petition should be transferred to the District of New Mexico.  1st Reply, ECF No. 7.  But, upon further review, Charrad's counsel realized that his client has now been transferred back to ERO El Paso Camp East Montana.  2d Reply, ECF No. 8.  Thus, Charrad asks that this Court retain jurisdiction.  *Id.*

"[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  But if the petitioner was detained within the district at the time of filing, subsequent transfers do not destroy jurisdiction.  *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014)

(citing *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir.1978)).  Charrad's counsel filed the Petition on June 11.  *See* Pet.  By then, Charrad had not been detained in El Paso for over a month.  Resp. 1.  Charrad has the benefit of counsel, who is apparently knowledgeable in the use of the ERO online detainee locator and could have easily ascertained Charrad's location in New Mexico at the time they filed this Petition.  *See* 2d Reply 2.  Under these circumstances, there is no reason that warrants retaining jurisdiction over the Petition in this district.  *See, e.g.*, *Izadi v. Mullin*, No. 3:26-cv-1510-KC, 2026 WL 1707253, at *2 –3 (W.D. Tex. June 12, 2026).  And the fact that Charrad has now been transferred back to El Paso is of no consequence, as the district of confinement at the time of filing the petition retains jurisdiction despite subsequent transfers.  *See Griffin*, 751 F.3d at 290.

Therefore, jurisdiction is proper in the District of New Mexico.

Accordingly, the Clerk **SHALL TRANSFER** the case to the United States District Court for the District of New Mexico for adjudication.

After the case is transferred, **<u>the Clerk shall close the case</u>** in this Court.

**SO ORDERED**.

**SIGNED this 29th day of June, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2